*E-FILED: March 19, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL ORTIZ,<br>　　　　Plaintiff,<br>　　v.<br>BANK OF AMERICA HOME LOAN<br>RETENTION DIV.; ET AL.,<br>　　　　Defendants. | No. C12-01131 HRL<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS** |

Plaintiff, proceeding *pro se*, filed a complaint alleging "invalid notice of default and election to sell un[]der the deed of trust," and "non[] compliance with successor by merger legal prerequisites," in violation of California State law.  Plaintiff's property was sold at a foreclosure sale and, according to Defendants, is now owned by a third party.  The Complaint does not allege any federal claims or make any allegations regarding subject matter jurisdiction.  Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction, for failure to meet the pleading standards of Federal Rule of Civil Procedure 8(a), and for failure to state a claim pursuant to Federal Rule 12(b)(6).  The Court held a hearing on March 19, 2013, at which all parties appeared.  After considering the complaint, the papers submitted by the parties, and oral arguments, the Court finds that it does not have subject matter jurisdiction over this case.

Federal courts have original subject matter jurisdiction over civil actions on diversity or federal question grounds.  28 U.S.C. § 1441.  Diversity jurisdiction exists in a suit between citizens

of different states only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 USC § 1332 (a). Federal courts have jurisdiction on federal question grounds when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v.Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Plaintiff's complaint does not allege any federal claims whatsoever. Nor does Plaintiff assert diversity jurisdiction under 28 U.S.C. § 1332.

Accordingly, the Court grants Defendants' motion to dismiss the complaint for lack of subject jurisdiction. Plaintiff is granted leave to file an Amended Complaint. If Plaintiff wishes to file an Amended Complaint, he shall do so no later than **April 10, 2013.** Any Amended Complaint shall clearly state the basis for this Court's jurisdiction. Because the Court does not have subject matter jurisdiction, it does not consider Defendants' motion to dismiss for failure to meet the pleading standards of Federal Rule of Civil Procedure 8(a), and for failure to state a claim pursuant to Federal Rule 12(b)(6).

**IT IS SO ORDERED.**

Dated: March 19, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C 12-01131 HRL Order will be electronically mailed to:**

Lee Hammer:   lhammer@mcguriewoods.com, lhammer@mcguirewoods.com, mbetti@mcguirewoods.com

Tracy Kathleen Evans-Moyer:   temoyer@mcguirewoods.com, lgomez@mcguirewoods.com

**C 12-01131 HRL Order will be mailed to:**

Rafael Ortiz
20240 Spence Road
Salinas, CA 93908

**United States District Court**
For the Northern District of California