*E-FILED: May 23, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL ORTIZ,<br>　　　　Plaintiff,<br>　v.<br>BANK OF AMERICA HOME LOAN RETENTION DIV.; ET AL.,<br>　　　　Defendants. | No. C12-01131 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　　Plaintiff, proceeding *pro se*, has filed an amended complaint that alleges defendants have violated his rights by selling his real property to a third party. Defendants move to dismiss the amended complaint for lack of subject matter jurisdiction, for failure to meet the pleading requirements of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted. On May 21, 2013, all parties appeared and the Court held a hearing on defendants' motion.

　　　The Court granted defendants' motion to dismiss the original complaint on the basis that the Court lacked subject matter jurisdiction. In its order, the Court explained that Federal courts have original subject matter jurisdiction over civil actions on either diversity or federal question grounds. 28 U.S.C. § 1441. Diversity jurisdiction exists in a suit between citizens of different states only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 USC § 1332 (a). Federal courts have jurisdiction on federal question grounds when an

action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

Neither the original complaint, nor the amended complaint, allege any federal claims whatsoever. The Court again concludes that it does not have jurisdiction based on a federal question. Nor does Plaintiff assert diversity jurisdiction under 28 U.S.C. § 1332. Although the amended complaint alleges that the amount in controversy exceeds $75,000, it does not identify the citizenship of any of the parties. At the hearing, however, plaintiff stated that he is a citizen of California, and defendant Bank of America Home Loan Retention Division stated that it is a citizen of North Carolina. The Court concludes that, though not adequately pled in the amended complaint, plaintiff could likely assert diversity jurisdiction if given leave to amend once again.

Accordingly, the Court grants defendants' motion to dismiss the amended complaint for lack of subject matter jurisdiction, but it grants plaintiff leave to file a second amended complaint. Though the Court has reason to believe that diversity jurisdiction exists, plaintiff is reminded that he needs to allege diversity jurisdiction in his second amended complaint. The second amended complaint must therefore indicate the citizenship of each party in the suit, and the amount of money sought by plaintiff, or the approximate value of the equitable relief sought by plaintiff.

Plaintiff is further reminded that the second amended complaint will completely replace the original complaint and the amended complaint. It must stand on its own. So, the second amended complaint must not only properly allege the basis for this Court's jurisdiction, but it must also properly allege claims for relief. "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court need not assume unstated facts, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Cousins v. Lockyer*, 568 F.3d 1063,

2

1067 (9th Cir. 2009). Though a *pro se* complaint will be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

If plaintiff wishes to file a second amended complaint, he shall do so no later than **June 24, 2013**.

**IT IS SO ORDERED.**

Dated: May 23, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 12-01131 HRL Order will be electronically mailed to:**

Lee Hammer: lhammer@mcguriewoods.com, lhammer@mcguirewoods.com, mbetti@mcguirewoods.com

Tracy Kathleen Evans-Moyer: temoyer@mcguirewoods.com, lgomez@mcguirewoods.com

**C 12-01131 HRL Order will be mailed to:**

Rafael Ortiz
20240 Spence Road
Salinas, CA 93905