*E-FILED: July 31, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL ORTIZ,<br>    Plaintiff,<br>    v.<br>BANK OF AMERICA HOME LOAN RETENTION DIV.; ET AL.,<br>    Defendants. | No. C12-01131 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(Dkt. 43)** |

    Plaintiff, proceeding *pro se*, has filed a second amended complaint that attempts to set forth the requirements for subject matter jurisdiction, but does not actually state any facts in support of its claim for subject matter jurisdiction, or any facts that could be construed to support any claim for relief. Though the second amended complaint does not mention any state or federal claims or allege any facts, the Court has learned from previous filings and hearings that plaintiff believes that defendants have violated his rights by selling his real property to a third party. Defendants move to dismiss the second amended complaint for lack of subject matter jurisdiction, for failure to meet the pleading requirements of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted. On July 30, 2013, all parties appeared and the Court held a hearing on defendants' motion.

    The Court granted defendants' motion to dismiss the original complaint on the basis that the Court lacked subject matter jurisdiction. The Court granted defendants' motion to dismiss the first amended complaint on the basis that, even though there appeared to be a basis for diversity jurisdiction, plaintiff had failed to plead it. In its order dismissing the first amended complaint, the

United States District Court
For the Northern District of California

1  Court instructed plaintiff on how to plead diversity jurisdiction.[1] It advised that "the second
2  amended complaint must therefore indicate the citizenship of each party in the suit, and the amount
3  of money sought by plaintiff, or the approximate value of the equitable relief sought by plaintiff."
4  (Dkt. 42, p. 2). The Court also warned plaintiff that his second amended complaint had to be a
5  stand-alone document and include claims for relief as well as a basis for jurisdiction.[2] The Court
6  instructed that "the second amended complaint must not only properly allege the basis for this
7  Court's jurisdiction, but it must also properly allege claims for relief." (*Id.*) The Court then
8  outlined the pleading requirements of Fed. R. Civ. P. 8(a)(2) and reiterated the necessity of
9  including a short and plain statement of a claim for relief. (*Id.*)

10  Despite the Court's instructions on how to plead subject matter jurisdiction, the second
11  amended complaint still does not measure up. The second amended complaint only misstates the
12  requirements for federal subject matter jurisdiction and attaches, as an exhibit, an excerpt from
13  Wikipedia on subject-matter jurisdiction. Plaintiff does not indicate the citizenship of any of the
14  parties, the amount in controversy, and he does not mention any claims for relief or facts that could
15  be liberally construed to support any claims for relief. Plaintiff opposes the motion to dismiss, but
16  his opposition does not provide the Court with a basis for subject matter jurisdiction either. Plaintiff
17  argues that the state court, where he first filed his action, had jurisdiction over his real property.[3]
18  Plaintiff further argues that the state court judgment, which was apparently against him, was issued
19  by a judicial officer as opposed to a judge. Plaintiff also alleges that defendants' attorneys were
20  improperly substituted. Finally, plaintiff makes a vague reference to fraud and frivolity, stating that
21  "no good title can ever be derived from fraud that reaches any alleged *bona fide* purchaser."
22  Plaintiff has not plead subject matter jurisdiction and, even if he had, nothing in the second amended
23  complaint or other papers submitted by plaintiff can be construed to amount to a claim for relief.
24  Plaintiff does not meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) or state any claims for
25  relief.

---

[1] At the hearing on defendants' motion to dismiss the first amended complaint, the Court also advised plaintiff to make an appointment with the Court's *Pro Se* Help Desk.

[2] "[T]he second amended complaint will completely replace the original complaint and the amended complaint. It must stand on its own." (Dkt. 42, p. 2).

[3] At the hearing on the motion to dismiss the second amended complaint, plaintiff, through a representative/family member who was providing translating services, indicated that he had previously filed a state court complaint. Apparently the first state court case has been dismissed, but plaintiff has filed a second state court complaint, in Stanislaus County, which is still pending.

2

After giving plaintiff two opportunities to amend his Complaint, he has still not plead subject matter jurisdiction or stated any claims for relief. Even assuming that the Court has diversity jurisdiction, the second amended complaint does not offer a short and plain statement of plaintiff's claims or contain the specific, individualized factual allegations necessary to state a claim. The Court finds further amendment would be futile and thus DISMISSES this action with prejudice.

The Clerk shall close the file.

**SO ORDERED.**

Dated: July 31, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 12-01131 HRL Order will be electronically mailed to:**

Lee Hammer: lhammer@mcguriewoods.com, lhammer@mcguirewoods.com, mbetti@mcguirewoods.com

Tracy Kathleen Evans-Moyer: temoyer@mcguirewoods.com, lgomez@mcguirewoods.com

**C 12-01131 HRL Order will be mailed to:**

Rafael Ortiz
20240 Spence Road
Salinas, CA 93905

4